**REMAND JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-10062-GW-JEMx | Date | January 16, 2020 |
| Title | *Mel Garcia v. Kahala Brands, LTD., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Laura Elias | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Tiffany N. Buda | Camille A. Sespene |

**PROCEEDINGS:  PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT [12]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion to Remand is GRANTED.

: 05

Initials of Preparer  JG

*Garcia v. Kahala Brands, Ltd., et al.*; Case No. 2:19-cv-10062-GW-(JEMx)
Tentative Ruling on Plaintiff's Motion to Remand

I. **Background**

Mel Garcia ("Plaintiff"), on behalf of himself and other similarly situated individuals, filed suit in California state court against MTY Franchising USA, Inc., Kahala Brands Ltd., and John Doe Corp. d/b/a Baja Fresh (collectively referred to as "Defendants") alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* *See* Complaint, attached as Ex. A to Notice of Removal, Docket No. 1-1. Plaintiff alleges that Defendants violated the FACTA by printing the expiration date of credit cards and debit cards on the receipts provided to customers. *See id.* ¶ 2. Defendants removed this case to federal court on November 25, 2019. *See* Notice of Removal ("NoR"), Docket No. 1.

Before the Court is Plaintiff's motion to remand. *See* Plaintiff's Notice of Motion and Motion to Remand Action to State Court ("Motion"), Docket No. 12. Defendants filed an opposition. *See* Defendants Kahala Brands, Ltd, and MTY Franchising USA, Inc.'s Opposition to Plaintiff's Motion to Remand ("Opp."), Docket No. 14. Plaintiff filed a reply. *See* Plaintiff's Reply to Motion to Remand Action to State Court ("Reply"), Docket No. 15.

II. **Legal Standard**

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that: (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against

removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). To satisfy Article III's standing requirement, "a plaintiff must show: (1) that it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). Defendants, as the party asserting federal jurisdiction, bear the burden of establishing Plaintiffs' Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"[A] removed case in which the plaintiff lacks Article III standing *must* be remanded to state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (emphasis added); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."); *Envtl. Research Ctr. v. Heartland Prod.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (remanding the action because the plaintiff lacked a cognizable Article III injury). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction, because "the *federal* courts have no power to adjudicate the matter," while "[s]tate courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

### III. Discussion

Plaintiff argues that his complaint fails to establish Article III standing because he alleges nothing more than a technical violation of the FACTA, with no allegations sufficient to show actual harm. *See* Motion at 11. Defendants oppose his motion, arguing that Plaintiff has sufficiently alleged injury in fact. (Dkt. 26, hereinafter "Opp.") Specifically, Defendants cite the following alleged injury stemming from the inclusion of an expiration date on the receipt: (1) "heightened risk of identity theft," (Compl. ¶ 80); (2) disclosure of Plaintiff's private financial

information "to the world, including to persons who might find the receipts in the trash or elsewhere, including identity thieves who thrive in environments such as Defendants' various locations," and to those of Defendants' employees who handled the receipt, (*id.* ¶ 52); and (3) being "forced . . . to take action to prevent further disclosure of the private information displayed on the receipt," (*id.* ¶¶ 41, 80). The Court is not persuaded that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *See Friends of the Earth*, 528 U.S. at 181.

First, Plaintiff's allegations that he faced a heightened risk of identity theft (Compl. ¶ 80) are nothing more than a "potential for exposure to actual injury," which "do[es] not entail a degree of risk sufficient to meet the concreteness requirement" and is "too speculative for Article III purposes." *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 777, 783 (9th Cir. 2018); *see also Anton v. Prospera Hotels, Inc.*, Case No. CV 19-534-CBM-SHKx, 2019 WL 4266528, at *2 (C.D. Cal. July 18, 2019) (allegation that plaintiffs "exposed to an elevated risk of identity theft" was speculative, hypothetical, and conjectural injury).

Second, allegations that Plaintiff's private financial information were exposed to employees who handled the receipts and to the "world," *see* Complaint ¶¶ 42, 52, are not sufficient to create injury in fact. In *Basset* the Ninth Circuit found allegations that plaintiff was exposed "to identity theft and credit/debit fraud," because his card's expiration date was printed on a receipt insufficient to confer standing. *See generally Bassett* 883 F.3d 776. The *Basset* court explained that allegations that Plaintiff was at "imminent risk" that his "property would be stolen and/or misused by identity thieves," were not sufficient where Plaintiff "did not allege that a second receipt existed, that his receipt was lost or stolen, or that he was the victim of identity theft." *See id.* at 778.

Defendants attempt to distinguish this case from the extraordinarily similar cause of action in *Bassett* by arguing that in *Bassett* the Plaintiff did not allege that the credit card information had been disclosed, whereas here, the Plaintiff alleges that the information was exposed to the employee who handled the receipt, and "the world." However, the Court would find that this case is nearly identical to *Bassett*, in that all allegations of "exposure" of Plaintiff's financial information are completely conjectural and speculative. The only conceivable difference between the facts in *Bassett* and those alleged here is the speculative allegation that "the world" was exposed to Plaintiff's information (with no factual basis for such an assertion), and the fact that an

3

employee, rather than a machine handed Plaintiff the receipt. Plaintiff's allegation that "the world" could have viewed the receipt, with no factual support whatsoever to back up his allegation, is not nearly concrete enough to confer standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (injury is not "certainly impending" where it will not materialize absent a "speculative chain of possibilities"). Moreover, Plaintiff does not allege that the employee who handled his receipt actually viewed the details of the receipt, or more specifically, his card's expiration date. Regardless the Court is not convinced that such an allegation would in fact constitute an identifiable harm, given that the employee who handed the receipt presumably did so after Plaintiff voluntarily provided his credit card, where the expiration date was displayed (as well as all of the other financial information such as the credit card number and its security code), to the employee for processing. *See Stelmachers v. Verifone Sys., Inc.*, Case No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *5 (N.D. Cal. Sept. 7, 2017), *appeal dismissed,* 2018 WL 4849699 (9th Cir. May 11, 2018) (allegation that FACTA violation "exposed Plaintiff's credit card number to [vendor's] staff and possibly others" not sufficient to create standing).

And third, Plaintiff's allegation that he had to take extra precaution to safeguard the receipt is not sufficient to confer standing. *See* Complaint ¶¶ 41, 80; *Basset*, 883 F.3d at 783 ("Nor did he allege that any risk of harm is real, not conjectural or hypothetical, given that he could shred the offending receipt along with any remaining risk of disclosure.") (internal quotation omitted); *Anton*, 2019 WL 4266528, at *2 (allegation that plaintiffs were "forced . . . to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen in an age when identity thieves have increasingly sophisticated methods and technology" was not sufficient to confer standing); *Stelmachers*, 2017 WL 3968871, at *4 (allegation that FACTA violation burdened plaintiff with "the duty to consistently check his credit card statements, so as to make certain that identity thieves did not take advantage . . . thereby wasting Plaintiff's time" was not sufficient to confer standing).

Given that Plaintiff lacks Article III standing, this case must be remanded to state court. *Polo*, 833 F.3d at 1196; *see Miranda v. Magic Mountain, LLC*, Case No. CV 17-07483 SJO (SS), 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system.").

**IV. Conclusion**

For the following reasons, Plaintiff's motion to remand is **GRANTED**.